## Stoebler *against* Knerr.

An estate conveyed to a husband, for the joint benefit of himself and wife, without words limiting a trust for the separate use of the wife, but excluding the husband from power to sell, may be sold under execution as the estate of the husband.

ERROR to the common pleas of *Dauphin* county.

This was originally a proceeding before two justices of the peace, by John Knerr against George Stoebler, to obtain possession of a tract of land, purchased by him at sheriff's sale.   The cause depended upon the construction of a deed and article of agreement between Michael Redel and George Weidel.   The deed was in common form, conveying the estate in fee to George Weidel, " subject, nevertheless, to the true performance of certain clauses and conditions contained in a certain instrument of writing, dated herewith, any thing to the contrary in this deed in any wise notwithstanding;" and the said agreement contained these provisions.

"Whereas the said Michael Redel, and Margaret his wife, by indenture under their hands and seals, bearing even date herewith, have conveyed unto the said George Weidel, a certain tract or piece of land, situate in said township of Mifflin, containing twenty-seven acres and nine perches, strict measure, and now in possession and occupation of the said George Weidel, under and subject to the same restriction and reservation hereafter mentioned, that is to say, the said Michael Redel, for himself, his heirs, executors and administrators, doth hereby covenant, promise and agree to and with the

[Stoebler v. Knerr.]

said George Weidel, and his heirs by these presents, that he the said George Weidel, shall and may during his coverture with Mary his wife, the daughter of said Michael Redel, and after her decease during his natural life, have, hold, occupy and keep the said premises as their or either of their own property, or, in case of the decease of the said George Weidel, then the said Mary to have, hold, occupy and keep the said premises, as, and for her own property, during her natural life, in all cases, without the least molestation, interruption or denial of the said Michael Redel, his heirs, executors and administrators.  And further, it is agreed by and between said parties, that after the decease of the said George Weidel, and Mary his wife, the heirs or children of the said George Weidel, and Mary his wife, of her the said Mary begotten, shall inherit the before mentioned and described premises, or their just and rightful inheritance, without any other interruption of any person or persons whatsoever.

" And further, that the said George Weidel shall not have power nor authority to sell or dispose of said premises, nor any part thereof, without the voluntary consent and approbation of the said Mary his wife ; but the same to be and remain whole and entire, during their. natural lives, as before mentioned."

The property was levied upon and sold by the sheriff, as the property of George Weidel, and this was a proceeding to obtain possession by the purchaser.  The question was, whether Weidel had such an estate as might be sold, and divest the interest of his wife during his life.

The court below (Blythe, President) charged the jury that the plaintiff was entitled to recover.

*M'Cormick*, for plaintiff in error, cited 3 *Atk.* 399 ; 1 *P. Wms* 125; 2 *P. Wms* 316; 4 *Cruise's Dig.* 252, *pl.* 67; 1 *Madd. Chan.* 470 ; Dennison *v.* Nigh, 2 *Watts* 90 ; Rogers *v.* Benson, 5 *Johns. Chan.* 431; Jackson *v.* Cairus, 20 *Johns. Rep.* 301; Jaques *v.* Method. Episc. Church, 17 *Johns. Rep.* 548 ; 1 *Cruise's Dig.* 321 ; 2 *Vern.* 67.

*Johnston*, for defendant in error.

PER CURIAM.—The intent of the donor was, to give the estate jointly to his daughter and her husband, in special tail; but there are no words to limit a trust for the separate use of the daughter: on the contrary, the husband is expressly authorized to hold for their joint benefit.  The object was doubtless to provide for the daughter and her issue; but there are no words restrictive of marital rights. The clause restrictive of the husband's rights to sell, has respect to voluntary alienation, and not to alienation by process of law.    If more was intended, all that can be said is, that the donor was unfortunate in his choice of a scrivener; but that is not a cause to violate

rules of construction, in order to give effect to what is, at best, but obscurely intimated.   The coverture continuing, therefore, the husband's freehold in the whole, was a legitimate subject of execution.

Judgment affirmed.